## Herbert W. Salus's Case.

Opinion by Mr. Chief Justice Kephart, March 23, 1936:

Appellant was disbarred by the president judges of the five common pleas courts below after a hearing on two charges. The first was that he had formed agreements or understandings with persons known to be members of criminal organizations to represent professionally their subordinates or agents in the event that they should be arrested in connection with numbers charges. The second, unprofessional conduct in connection with the drunken drivers racket. The preceding opinion of the court entitled "In re Disbarment Proceedings," as it relates to this appeal, is made part of this case, including the facts as noted therein.

The evidence supports the findings of the judges with respect to appellant's guilt on both of these charges. We will not repeat it. Though circumstantial in character, it points to but one conclusion. Herbert Salus admitted that he and Goldberg, an employee, had charge of all the numbers cases that came into their office and admitted that he had represented a half dozen or dozen cases in which Baron, a known banker of this type of lottery, had requested his services in behalf of numbers writers and paid the fees. There was also testimony that his firm represented the two Matthews brothers and Lalli, who were also higher-ups in the numbers racket. While appellant emphatically denied that there was any advance agreement with the principals to defend numbers writers whom he or his office represented, and admittedly there was no direct proof of this fact, there is proof by circumstantial evidence which is, to us, as it was to the five president judges, conclusive.

It is obvious that direct proof of such agreement is difficult to obtain. The bankers in this type of crime have successfully avoided arrest and cloaked their own

connection with the lottery in a veil of secrecy, even from many of their employees. None of the number writers who were arrested could testify as to the identity of their banker. When, therefore, we have the proven facts that an office is frequently retained to represent parties whom they do not know and who do not know the attorneys before trial, and where the defendants themselves did not arrange for this representation or pay any fee and no fee is demanded, and no friend or relation is shown to have procured the services, plainly a legitimate inference may be drawn that the connection of the attorney in these cases is the result of some prior arrangement with the bankers. It is the latter who are anxious to protect the number writers so that they will have no cause for dissatisfaction and no occasion to disclose the operations of the system or the identity of parties by whom they are engaged.

It was incumbent upon appellant to explain away the unusual circumstances which attended his representation of so many parties engaged in the same type of crime. His direct admission that Baron employed him on many occasions is tantamount to a confession that he had entered such arrangement with Baron, and the judges below could not, nor may we, accept his statement that he did not know whether Baron was in the numbers game.

The second charge preferred against appellant is his connection with the drunken drivers racket. The court below had no difficulty in finding that appellant engaged in an unprofessional method of procuring such business. The present appellant's responsibility for the unprofessional conduct involved in these cases is equal to that of his brother, Samuel W. Salus, as otherwise described. Blasband handed out appellant's cards and consulted him equally with respect to these cases. We need not repeat what was stated in the prior opinion regarding Samuel W. Salus.

The order of the court below is affirmed.